UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jonna Angel Smith, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RGIS, LLC<br><br>Defendant. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff Jonna Angel Smith ("Plaintiff"), individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint (the "Complaint") against RGIS, LLC ("RGIS" or "Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. 333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of herself and all inventory specialists and other individuals paid by the same compensation method holding comparable positions but different titles employed by RGIS across the country (the "FLSA Collective"), that she and FLSA Collective are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff also brings this action under the PMWA pursuant to Fed. R. Civ. P. 23 on behalf of all inventory specialists and other individuals paid by the same compensation method holding comparable positions but different titles employed by RGIS at its offices within the State of Pennsylvania (the "Pennsylvania Class"). RGIS violated the PMWA by failing to pay the Pennsylvania Class for all hours worked, failing to pay them overtime on a timely basis, and failing to pay them the legally required amount of overtime compensation in an amount required by law for all hours worked over 40 in a workweek. Plaintiff Smith and the Pennsylvania Class are entitled to unpaid wages from RGIS for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek and are entitled to all other damages authorized for willful violations of the PMWA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's PMWA claims pursuant to 28 U.S.C. § 1367 because those claims are so related to their FLSA claims that they form part of the same case or controversy.

5. This Court has jurisdiction over Plaintiff's PMWA claims 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

6. Upon information and belief, at least one member of the proposed Class is a citizen of a state different from that of Defendant, and at least one member of the proposed Class has claims which value in excess of $75,000, including damages, statutory damages and fees and costs.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Upon information and belief, Defendant regularly conducts business in this district.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. Class members labored for Defendant within this district and a substantial part of the events or omissions giving rise to the claim occurred within this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Plaintiff's claims involve matters of national or interstate interest.

## THE PARTIES

13. Plaintiff is an individual residing in Uniontown, Pennsylvania, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

14. During all relevant times, Plaintiff was employed by Defendant as an inventory specialist from in or around December 2013 to in or around March 2014 in Pennsylvania.

15. Plaintiff worked in excess of 40 hours per workweek without receiving overtime compensation as required by federal law.

16. RGIS, LLC is a Michigan corporation with its principal executive offices located at 2000 East Taylor Road, Auburn Hills, Michigan 48326.

17. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA 29 U.S.C. § 203(d).

18. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

19. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendant has had, and has a gross volume of sales made or business done of at least $500,000.

20. At all times relevant herein, Plaintiff was engaged in commerce or in production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21. Defendant issued paychecks to Plaintiff during her employment.

22. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from her.

23. Plaintiff worked in excess of 40 hours per workweek without receiving overtime compensation as required by the FLSA.

24. Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiff proper overtime wages for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

## **FACTUAL ALLEGATIONS**

25. Defendant employed Plaintiff, the FLSA Collective, and the Pennsylvania Class as Inventory Specialists.

26. The principal activity of inventory specialists is to travel to different retail store sites and count retail inventory. Plaintiff and other Inventory Specialists may travel to multiple retail store sites over the course of one workday.

4

27. Defendant maintained control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff, the FLSA Collective, and the Pennsylvania Class.

28. Plaintiff, the FLSA Collective, and the Pennsylvania Class' work as Inventory Specialists was performed in the normal course of Defendant's business and was integrated into it.

29. The work that Plaintiff and other Inventory Specialists performed was counting items at various retailers that contracted with Defendant for services.

30. On a typical day, Plaintiff might start work at 5:00 a.m. Sunday morning, go to a store in West Virginia, leave that store at 3:00 or 4:00 p.m., then drive to different store, work at that different store until midnight, and then drive home.

31. All of the travel that Plaintiff undertook for RGIS was all in a day's work. In other words, all of the travel Plaintiff undertook for RGIS was time spent by her as part of her principal activity, which included travel from job site to job site and, as such, must be counted as hours worked.

32. If Plaintiff drove by herself, which she estimates doing on at least four to six occasions, she was paid nothing for travel time.

33. If Plaintiff was sent to the wrong address by RGIS, which she estimates happened at least eight to nine times, she was paid nothing for this travel time.

34. If Plaintiff did not carry more than two other RGIS employees with her in her car, she was not paid for her travel time.

35. If Plaintiff was not the driver, she did not get paid for the first hour of travel time.

36. In any event, RGIS did not pay for travel time unless it exceeded one hour.

37. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff, the FLSA Collective, and the Pennsylvania Class would frequently work in excess of 40 hours per workweek without being properly paid overtime wages and, at times, could work 60 to 70 or even more hours per week, including necessary travel time.

38. Plaintiff, the FLSA Collective and the Pennsylvania Class regularly worked in excess of 40 hours per workweek without receiving from Defendant the legally required amount of overtime compensation as required by the FLSA. For example, when Plaintiff worked 40 hours per week, she would receive straight time for overtime.

39. Defendant is aware of the totality of work that the FLSA Collective and the Pennsylvania Class performed. This work did not require managerial responsibilities, or the exercise of meaningful decision-making, on matters of significance that impact the business.

40. Throughout the statutory period, the primary job duties of Plaintiff, the FLSA Collective, and the Pennsylvania Class did not include: hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful independent judgment and discretion. Indeed, Plaintiff did not supervise any employees.

41. Defendant's failure to comply with state and federal wage and hour laws caused Plaintiff, the FLSA Collective and the Pennsylvania Class to suffer lost wages and interest therein.

42. All acts or omissions described in this Complaint were made by Defendant directly or through its supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Class, as defined above.

44. Plaintiff desires to pursue her FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

45. Plaintiff and the FLSA Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices, and as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

46. Specifically, RGIS failed to pay the members of the FLSA Collective the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

47. RGIS violated the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104, because it failed to pay Plaintiff and the FLSA Collective at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week.

48. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Defendant employs many inventory specialists and comparable positions throughout the United States who are compensated pursuant to RGIS' common policy regarding overtime compensation. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means and allowed to opt into it pursuant to U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime

compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

49. Plaintiff sues on her own behalf and on behalf of the Pennsylvania Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

50. RGIS violated the PMWA and the regulations promulgated thereunder, including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104, because it failed to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week and because it failed to pay for travel time as detailed herein.

51. The Pennsylvania Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 50 members of the Pennsylvania Class.

52. There are questions of law and fact common to the members of the Pennsylvania Class that predominate over any questions solely affecting the individual members of the Pennsylvania Class.

53. The critical question of law and fact common to Plaintiff and the Pennsylvania Class that will materially advance the litigation is whether RGIS is required by the PMWA to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times its regular hourly rate for hours worked overtime and to pay for travel time.

54. Other common questions of law and fact common to the Pennsylvania Class that will materially advance the litigation include, without limitation:

(a) Whether RGIS employed Plaintiff and the Pennsylvania Class members within the meaning of the PMWA;

(b) What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

(c) Whether RGIS failed to pay Plaintiff and the Pennsylvania Class members for all of the hours they worked;

(d) Whether RGIS failed to pay Plaintiff and the Pennsylvania Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the PMWA and the regulations promulgated thereunder including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104;

(e) Whether RGIS is liable for all damages claimed by Plaintiff and the Pennsylvania Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and,

(f) Whether RGIS should be enjoined from continuing to violate the PMWA in the future.

55. Plaintiff's claims are typical of the claims of the members of the Pennsylvania Class. Plaintiff has the same interests in this matter as all other members of the Pennsylvania Class.

56. Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

57. Class certification of Plaintiff's PMWA claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because RGIS has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a

whole. The members of the Pennsylvania Class are entitled to injunctive relief to end RGIS' common and uniform policy and practice of denying the Pennsylvania Class the wages to which they are entitled.

58. Class certification of Plaintiff's PMWA claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

59. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT

60. Plaintiff realleges and incorporates by reference the preceding paragraphs.

61. At all relevant times, Defendant has been and continues to be, employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff within the meaning of the FLSA.

63. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek in violation of the FLSA.

64. As a result of Defendant's willful failure to compensate Plaintiff at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek and its failure to pay for travel time, Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

65. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

66. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid wages for the legally required amount of overtime compensation for all of the hours worked by her in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: PENNSYLVANIA MINIMUM WAGE ACT

67. Plaintiff realleges and incorporates by reference the preceding paragraphs.

68. At all relevant times, Plaintiff was employed by Defendant within the meaning of the PMWA.

69. Defendant willfully violated Plaintiff's rights by failing to pay her the legally required amount of overtime compensation at rates not less than one and one-half times the regular rate of pay for all hours worked by her in excess of 40 in a workweek and its failure to pay for travel time in violation of the PMWA and its regulations, including 43 P.S. §§ 333.104(c).

70. Defendant's PMWA violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

71. Due to Defendant's PMWA violations, Plaintiff is entitled to recover from Defendant her unpaid wages for the legally required amount of overtime compensation for all hours worked by her in excess of 40 in a workweek, all unpaid hours, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the PMWA, including 43 P.S. §§ 333.113.

## DEMAND FOR TRIAL BY JURY

72. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the FLSA Collective and the Pennsylvania Class are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Pennsylvania Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and her counsel to represent the members of the Pennsylvania Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PMWA;

d. An injunction requiring Defendant to cease their unlawful practices under, and comply with, the PMWA;

e. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA and the PMWA;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216 and the PMWA;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

j. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 16, 2016

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
ROBERT PEIRCE & ASSOCIATES, P.C.
707 Grant Street
Suite 2500
Pittsburgh, PA 15219-1918
Telephone: 412-281-7229
Email: arihn@peircelaw.com

Nicholas A. Migliaccio, Esquire *
Jason S. Rathod, Esquire *
Migliaccio & Rathod LLP
412 H Street NE
Suite 302
Washington, DC 20002
Telephone: (202) 470-3520
Email: nmigliaccio@classlawdc.com
Email: jrathod@wbmllp.com

* Admission to be sought